FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 0 9 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————

UNITED STATES OF AMERICA,

    -against-

SONG WU JIANG,

           Defendant.

———————————————————

09-CR-34

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted).

1

On April 24, 2009, Jiang pled guilty to counts one and two of a two a two-count indictment. Count one charged that between February 2008 and January 2009, he fraudulently imported and brought into the United States merchandise contrary to law, and received, concealed, and facilitated the transportation, concealment and sale of merchandise after importation, knowing such merchandise was illegally imported into the United States, in violation of 18 U.S.C. § 545. Count two charged that, during the same period, he trafficked and attempted to traffic in counterfeit goods, in violation of 18 U.S.C. § 2320(a).

Jiang was sentenced on September 14, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty-seven and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between seventy and eighty-seven months. The offense charged in count one carried a maximum term of imprisonment of twenty years, see 18 U.S.C. § 545, and the offense charged in count two carried a maximum term of imprisonment of ten years, see 18 U.S.C. § 2320(a). The guidelines range of fine was $15,000 to $2,000,000.

Jiang was sentenced to thirty months in prison and three years supervised release. A $200 special assessment was imposed. No fines were imposed because the defendant does not, and likely will not, have assets to pay a fine. Restitution of $4.7 million was ordered in favor of Nike, payable to the Clerk of Court, 225 Cadman Plaza East, Brooklyn, New York.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure

2

that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and Booker.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offenses are serious. They destroy American commerce. The defendant's health is generally good, although he does have some physical and mental conditions which are subject to pharmaceutical and other treatments. The defendant has a strong work history and many friends and supporters in the community. He has a supportive family and provides for his wife and two teenage children. A sentence of thirty months reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement with importing and/or trafficking in counterfeit goods will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's ability to apply for certain employment. It is unlikely that he will engage in further criminal activity in light of his family circumstances, and acceptance of responsibility and remorse for his actions.

Jack B. Weinstein
Senior United States District Judge

Dated: October 5, 2009
Brooklyn, New York